**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DONALD STEWART, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:20-cv-1880-CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## <u>MEMORANDUM AND ORDER</u>

This 28 U.S.C. § 2255 habeas matter is before me upon two motions filed by movant Donald Stewart. (ECF Nos. 2 and 3). For the reasons explained below, the motions will be denied.

Movant titled the first motion "(Pro se) Motion for Leave of Court Respectfully Requesting for a Sixty (60) Days Extension of Time to File a Rule 15(c) Motion in Support of the Accompanied § 2255 Pursuant to Mayle v. Felix, 545 U.S 644 (2005),[1] due to the Dangerous Deadly Spread Nationwide of the COVID-19 Virus." (ECF No. 2/filed December 28, 2020). Movant seeks an order granting him sixty days to file a "Rule 15(c) motion that will arise out of the '<u>same set of facts & law</u>' as the original § 2255 claims accompanied herein," thus relating back to the pending § 2255 motion. *Id.* at 3 (emphasis in original). In support, movant contends the statute of limitations applicable to his § 2255 motion should be tolled due to the impact of restrictions necessitated by the

---

[1] In *Mayle v. Felix,* 545 U.S. 644 (2005), the Supreme Court addressed the issue of whether an amended petition filed after the expiration of the applicable statute of limitations related back to the date of the original petition.

COVID 19 pandemic, he describes the pandemic's impact on the prison population in general, and states he has been rendered unable to "effectively litigate" his § 2255 motion. *Id.* at 2. Movant neither attached a proposed amended § 2255 motion nor indicated an intent to file an amended § 2255 motion, nor can he be understood to request a stay of these proceedings. Instead, movant seeks a window of time within which he may submit supplements to the pending § 2255 motion if he so desires. Movant does not describe or quantify any potential supplement.

The motion will be denied. Movant's § 2255 motion is not untimely, and there is therefore no reason to consider equitably tolling the statute of limitations. Moreover, movant would not be permitted to file additional documents in an attempt to supplement his pending § 2255 motion or change certain parts. Instead, movant must file a single, comprehensive motion setting forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Movant titled the second motion "(Pro se) Motion for Leave of Court Respectfully Requesting that it 'Grant and Issue' Three (3) Different Types of 'ORDERS' in the Best Interest of Justice." (ECF No. 3) (emphases in original). I will address movant's three requests in turn.

First, movant again seeks a window of time, now eight months, within which he may file unspecified supplements that are indeterminate in number so that he may "effectively litigate, research, etc., his § 2255 law in conjunction with any other issue he

2

wish[es] to raise." (ECF No. 3 at 2). He again asserts entitlement to equitable tolling due to the effect of restrictions necessitated by the COVID 19 pandemic. Movant's request will be denied. As discussed above, the doctrine of equitable tolling is irrelevant here, and movant would not be permitted to submit separate filings in an attempt to supplement or otherwise change his pending § 2255 motion.

Next, movant asks me to enter an order directing his former attorney and the attorney's investigator to release to him broad categories of documents. Movant states, without support, that the material will support a claim of ineffective assistance of counsel raised in his pending § 2255 motion. He does not indicate he requested the material from his attorney or his attorney's investigator.

Movant's request will be denied. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (citing *Bracy v. Gramley*, 520 U.S. 899, 994 (1997)). While Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts authorizes me to authorize discovery for "good cause," movant's unsupported statement cannot be said to establish such cause. *See id.* Moreover, movant's request is premature, as the government has yet to answer movant's § 2255 motion.

Finally, movant again seeks an order "allowing him sixty (60) days extension of time to file a Rule 15(c)(2) motion that will allow him to show the order to prison staff here; which would probably encourage prison staff to provide some type of legal law resource etc." (ECF No. 3 at 4). As explained above, movant is not entitled to such relief.

3

Accordingly,

**IT IS HEREBY ORDERED** that movant's "(Pro se) Motion for Leave of Court Respectfully Requesting for a Sixty (60) Days Extension of Time to File a Rule 15(c) Motion in Support of the Accompanied § 2255 Pursuant to Mayle v. Felix, 545 U.S 644 (2005), due to the Dangerous Deadly Spread Nationwide of the COVID-19 Virus" (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that movant's "(Pro se) Motion for Leave of Court Respectfully Requesting that it 'Grant and Issue' Three (3) Different Types of 'ORDERS' in the Best Interest of Justice" (ECF No. 3) is **DENIED**.

Dated this 19th day of February, 2021.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE