# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD STEWART, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:20 CV 1880 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Given the nature of the ineffective assistance of trial counsel claims raised in Grounds 9 and 11 of movant's § 2255 motion and amended motion and the respondent's response thereto, the Court deems it necessary to conduct an evidentiary hearing **on those claims only**.[1]  Therefore, the Court will appoint

---

[1] Those claims are:

Ground 9 (called Ground 8 in the amended motion): Trial counsel was ineffective in not calling "alibi and credibility" witnesses, whom movant has specifically identified as Shaunta Busbey and Beverly Fortune (ECF 24-1), who were ready and able to testify on his behalf.  Movant claims that trial counsel coerced and deceived him into not testifying in his own defense based on the expectation that these witnesses would "be his voice on the witness stand."  (ECF 1 at 17-18, ECF 24 at 8); and

Ground 11: Trial counsel was ineffective for failing to provide movant with the discovery in this case, failing to play the 911 recordings of witnesses to the jury during trial, failing to obtain hospital records that would have undermined the testimony of government witness Brandon Trendley by showing that movant was shot on October 27, 2011, failing to file pretrial motions relating to hearsay testimony, and failing to call a witness to testify that there was a side door to 5129 Northland.  (ECF 1 at 19-20; ECF 24 at 9-11).

counsel to represent movant in conjunction with the evidentiary hearing **on those claims only**. Counsel for movant and respondent will be required to present any testimony the Court is being asked to consider (including the testimony of movant, trial counsel, Busbey, and Fortune) through live witnesses, not affidavits. Appointed counsel for movant is not required to file any additional briefs or motions to amend and should present only evidence and argument related to the ineffective assistance of trial counsel claims raised in Grounds 9 and 11 of movant's § 2255 motion and amended motion.

Because the Court is appointing counsel to represent movant, his pro se motions to unseal documents and for transcripts and jury instructions are denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that attorney Justin K. Gelfand is appointed to represent movant in conjunction with the evidentiary hearing and in accordance with the parameters outlined above.

**IT IS FURTHER ORDERED** that the motion for leave to file [41] is granted.

---

Movant's remaining claims may be decided on the basis of the record currently before the Court and therefore an evidentiary hearing on those claims is unnecessary.

**IT IS FURTHER ORDERED** the motion to unseal documents [31], the motion for transcripts and jury instructions [38], and the motion for more time [40] are denied as moot.

**IT IS FURTHER ORDERED** that there will be a Court initiated telephone conference on **Wednesday, July 6, 2022 at 1:00 p.m.** to schedule an evidentiary hearing.  Counsel should dial **888-684-8852** then when prompted enter access code **4362059**.

                                                                      _____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of June, 2022.